### T. CLOWES *against* HAWLEY.

*The assignee of a bond may maintain* trover *for it, in his own name, against the obligor, who has got it into his possession, and converted it; and such bond being conditioned for the conveyance of a certain lot of land by the obligor to the obligee, and his assigns, if it appears that the obligee, or the plaintiff, has done everything requisite, on his part, to entitle him to a conveyance, the damages he will be entitled to recover will be the value of land which was to be conveyed.*

*One tenant in common cannot sue his cotenant, to recover documents relative to their joint estate.*

*One of two joint lessors cannot maintain* trover *for the lease.*

*A conveyance of land, pending an action of ejectment for its recovery by another, is not void for* champerty, *unless the purchaser knew of the pendency of the action.*

THIS was an action of *trover*, tried at the *Rensselaer* circuit, in *June*, 1815, before Mr. Justice *Platt*. The declaration contained two counts. The first stated that the plaintiff, on the 18th of *April*, 1812, was possessed of a bond, executed by the defendant to *Hiram Clowes*, dated the 20th of *May*, 1809, for the sum of 1,000 dollars, conditioned to convey to the obligee or his assigns, the equal and undivided moiety of a lot of land in *Troy*; which bond, being in full force, was afterwards, by the said *Hiram Clowes*, in his lifetime, duly assigned, set over, and transferred to the plaintiff; by means whereof, the plaintiff became legally possessed, &c.; stating the trover and conversion by the defendant.

The second count was for the conversion, on the 5th of *April*, 1814, of a certain indenture of lease or agreement in writing, between the plaintiff in this suit, and one *Joseph Ketchum*, of the first part, and *George W. Storer*, of the second part, but executed by the plaintiff and by *Storer* only; by which the party of the first part demised unto the party of the second part, a certain farm in *Brunswick*, in *Rensselaer* county, for one year from the 1st of *April*, 1813, and by which the party of the second part was bound to the parties of the first part, to pay 65 dollars for rent on the 1st of *January*, 1814, and the further sum of 65 dollars rent on the 1st of *April*, 1814.

The defendant pleaded not guilty.

The plaintiff, on the 11th of *March*, 1814, before the commencement of this suit, wrote a letter to the defendant and *William M'Manus*, forbidding the transfer or delivery of any *choses in action*, obligations, accounts, writings, or property whatsoever, held by them, or either of them, in trust or otherwise, in which the plaintiff, or *Hiram Clowes*, deceased, had any interest, right, or claim, in law or equity, to any person whatever, except to the plaintiff, or for his use and benefit; and demanding of them, or either of them, a transfer and delivery to the plaintiff, of all such deeds, writings, papers, &c.; and demanding, also, a certain bond or writing, executed by the defendant to *Hiram Clowes*, in his lifetime, for the conveyance

of a lot in *Troy*, &c., which said bond, or writing, was assigned
to the plaintiff, and of which they, or one of them, had gotten
the possession, without any legal or equitable right or claim
thereto; and that, in case of their non-compliance, a bill in
chancery would be filed against them; and giving them notice,
further, that *S. Ross* was authorized to accept and receive the
said writings, conveyances, bonds, &c. This letter was deli-
vered to the defendant on the 18th of *March*, 1814. This was
the only evidence of a demand of the defendant for the bond,
&c. The bond and assignment, pursuant to a notice given by
the plaintiff to the defendant, were produced at the trial. The
defendant had called on *Stephen Ross*, who was directed, as attor-
ney of the plaintiff, to bring the suit, and requested him not to
commence an action, as he wished to settle the matter with the
plaintiff; and the attorney, accordingly, delayed bringing the
suit, for several days.

The plaintiff gave in evidence a writing signed by the de-
fendant, as follows:

"Deed from *Jacob I. Vanderheyden* to *Thomas Clowes*, for
two lots, numbers ——. Deed from *Joseph Ketchum* to *Thomas
Clowes*, for one half a farm, lying and being in *Brunswick*,
formerly possessed by *Norman Pierce*.. Deed from *Joseph C.
Yates* to *Thomas Clowes*, for a farm situate in *Coble's Kill*,
lot No. 23. Bond indenture from *Lemuel Hawley* to *Thomas
Clowes*, for one half of lot No. 5, on *River-street*, *Troy*. Re-
ceived the above, in trust, for *Thomas Clowes*.

"*Lemuel Hawley*."

The judge refused to admit evidence, offered by the plaintiff,
of the value of the ground mentioned to be conveyed in the
bond, in order to show his damages; and stated, that as he
knew of no rule to ascertain the quantum of damages, he should
direct the jury to find nominal damages only.

In support of the second count, the plaintiff proved that an
indenture, executed by him, and by the defendant, as attorney
of *Joseph Ketchum*, to *George W. Storer*, for the lease of a farm
in *Brunswick*, were in possession of the defendant in *April*,
1814, when 65 dollars rent was paid to the defendant. The
lease was then produced by the defendant, and it appeared to
be between *Joseph Ketchum* and the plaintiff, of the first part,
and *George W. Storer*, of the second part; and the demise was
from the parties of the first part jointly, and all the rents and

covenants were reserved, and made to them jointly. The defendant gave in evidence a deed from *Joseph Ketchum*, and his wife, to him, dated the 22d of *December*, 1813, for an undivided moiety of the premises demised by the said lease to *George W. Storer*, and described as the land formerly owned by *Norris Pierce*. The plaintiff offered to prove that, at the time the above deed was executed, an action of *ejectment* was pending, at the suit of *James Cox*, as lessor of the plaintiff in that action, against the tenant in possession under *Ketchum*, and the plaintiff, to recover possession of the premises; but the judge rejected the evidence, and decided, that, as the lease was made by *Ketchum* and the plaintiff jointly, and the rents reserved to them jointly, the plaintiff was precluded from denying *Ketchum's* right to convey a moiety of the premises. The plaintiff submitted to a nonsuit, with leave to move to set it aside, and for a new trial.

*Paine*, for the plaintiff, contended, 1. That *trover* lies for a chose in action,[*] and that the value of the bond was the value of the land, for the conveyance of which it was given; and that the evidence offered to show that value, was, therefore, improperly overruled by the judge. In *Parry v. Frame*,[†] which was an action of *trover* for a lease, the plaintiff recovered the full value of the term. The demand and refusal, in this case, were sufficiently proved.[‡]

2. It is not pretended, that *Joseph Ketchum* executed the lease; he is not a party to it, in fact. The covenants were to pay rent to the party of the first part, and not to *Joseph Ketchum* and *Thomas Clowes*. As there was no signing in this case, by *Ketchum*, there is no estoppel.[§]

Again, the deed from *Ketchum*, to the defendant, was made pending the action of ejectment.

*Buel* and *Van Vechten*, contra, contended, that there was not proof that the defendant had possession of the bond when the demand was made;[‖] and that it was not shown that the plaintiff had the property or possession of the bond.[**]

Again, it appeared from the receipt produced, that the defendant was a mere trustee for the plaintiff; and trover does not lie against a trustee. The plaintiff should seek a different remedy, if there has been a breach of trust.[††]

* 10 Johns. Rep. 172.

† 2 Bos. & Pull. 451.

‡ 1 Esp. Rep. 22. Bull. N. P. 44.

§ 8 Mod. 312.

‖ 1 Salk. 441. Bull. N. P. 44.
** 6 Bac. Ab. Trover. (C) (G) 1 Caines' Rep. 14.

†† 2 Fonbl. Eq. 163. n. b. 2 Atk. 162.

NEW-YORK,
Oct. 1815.

CLOWES
v.
HAWLEY.

But there was no evidence of a *conversion* in this case. The letter delivered to the defendant did not amount to a demand; and if it did, it does not appear what answer was given. The refusal must be express and positive, to be evidence of a conversion. The trustee was not bound to seek the plaintiff, and deliver him the papers. A bare non-delivery, without a refusal, is not evidence of a conversion.* If the defendant makes excuses for not delivering the thing demanded, it shows that he does not refuse to deliver.

Again, a recovery in this suit would be no bar to an action of debt, or covenant on the bond. As to the damages, the plaintiff was entitled to nothing but the value of the paper and wax. To recover more, he ought to have brought his suit as assignee. If he is to recover the whole value of the premises, in this action, in his own name, it will be allowing him to do, in one form of action, what could not be done in another.

As to the second count: the lease being a sealed instrument, *Ketchum*, who was one of the parties, ought to have joined in the action.†

Again, the lease having expired, it was of no value, and the plaintiff could be entitled to no more than nominal damages.‡

As to the objection, that the conveyance of *Ketchum* being made during the pendency of the action of ejectment, it should have been shown further, that he knew of the pendency of the suit, and that the conveyance was made to defeat the suit, or impede the course of justice.§

*Severin* v. *Keppell*, 4 Esp. N.P. Cas. 156. 3 Selwyn's N.P. 1177. 10 Johns. Rep. 173. 175.

† 1 Saund. Rep. 291. *f.* note. Scott v. Godwin, 1 Bos & Pul'. 67. ‡ Todd v. Crookshank, 3 Johns. Rep. 432.

§1. Hawk. ch. 84. s. 9. 8 Johns. Rep. 479.

*Per Curiam.* As to the count on the conversion of the bond, the only point for consideration, is, whether the judge was correct in ruling that the plaintiff was entitled to recover nominal damages only. We must consider the conversion as proved, because no objection was taken to the proof of it at the trial. By the assignment of the bond to the plaintiff, by the obligee, he acquired an interest in it, which courts of law will protect; and it is no answer to this action, to say, that the plaintiff might have sued directly on the bond, in the name of the obligee, or proceeded in equity for a specific performance. We are to presume that the plaintiff had done every thing to entitle himself to the deed, conditioned to be given, as the evidence to sustain the action and to prove the damages was overruled. If the plaintiff became entitled to a performance of the condition, the

NEW-YORK,
Oct. 1815.

JACKSON
v.
FOSTER.

damages sustained would be the value of the land. The non-suit, therefore, must be set aside.

As to the lease, the conversion of which forms a part of the plaintiff's cause of action, it is proper to dispose of that also. From the plaintiff's own showing, it was executed by him and the defendant, as the attorney to *Ketchum,* who confessedly owned one half of the demised premises, as joint lessor to *Storer.* The defendant was not bound, in this action, to show his authority from *Ketchum* to execute the lease in his behalf. The plaintiff has no right to the exclusive possession of the lease. One tenant in common cannot sue the other, to recover possession of documents relative to their joint estate. It appears that the defendant had acquired *Ketchum's* interest in the lands leased; and was, therefore, as fully entitled to keep the lease, as the plaintiff is to demand its possession. It avails nothing to say, that the defendant's purchase of *Ketchum* was, pending an action of ejectment, against *Storer;* it not being shown that the defendant knew of that suit when he purchased; and, unless he did know of it, the purchase was not an act of champerty. (8 *Johns, Rep.* 479.)

Motion granted.