By the Court,

Bronson, J.
In traver for a bond or other written instrument, the plaintiff need not give the date, or recite any part of the deed in his declaration. Not having possession of the instrument, he may be unable to do so without- the danger of being defeated on the ground of variance. But he must show—what is omitted in this case— who are the parties to the contract. All the precedents are so. (Upchard v. Tatam, Cro. Jac. 637; Wilson v. Chambers, Cro. Car. 262; Clowes v. Hawley, 12 John. 484; Bissell v. Drake, 19 id. 66; Harrison v. Vallance, 1 Bing. 45; Arnold v. Jefferson, Ld. Raym. 275; 2 Salk. 564, S. C.; Alcorn v. Westbrook, 1 Wils. 115; Bac. Ab. Trover, (F.) 7th Lond. ed.; Bull. N. P. 37 ; 2 Chit. Pi., 835, ed. of 1837.) It may, perhaps, be inferred that this was a contract in writing, because it is alleged that the plaintiff lost, and the defendants found it; but it would have been better pleading to have averred that it was a contract in writing. The word contract, does not, like “ deed,” “ bond,” “ bill of exchange,” “ promissory note,” and the like, necessarily import that there was a written instrument. But the declaration is clearly bad for not stating who were the parties to the contract.
Cowen, J. dissented.
Judgment for defendants.