CHARLES S. SMITH, Respondent, *v.* JAMES A. COLE, Appellant.

*Deed — when one of several grantees may be compelled to have it recorded.*

This action was brought by one of the grantees in a deed, against the defendant who was also a grantee, to compel him to deliver the deed to the county clerk for record. It appeared that the deed, which was executed and delivered to the defendant in 1873, conveyed to the parties to this action and other grantees different interests in a tract of land ; that the defendant had retained the deed for ten years and had refused to allow it to be recorded. Part, if not all, of the purchase-money had been paid to the grantors. The defendant claimed that the deed had never been delivered ; that he had received it for the purpose of examination, and that he and another of the grantees objected to it. No grounds for the objection were stated.

*Held*, that a judgment requiring the defendant to deliver the deed to the county clerk for record should be affirmed. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*McKnight & Boyce*, for the appellant.

*Charles M. Davison*, for the respondent.

LANDON, J. :

The plaintiff is one of the grantees in a deed ; the defendant and several other parties are also grantees. The defendant has the custody of the deed, and has had it since its date, more than ten years prior to the commencement of the action. One of the two grantors is dead. The judgment is "that the defendant give possession of said deed to the county clerk of Saratoga county to the intent that the same shall be duly placed on record in said clerk's office in behalf of and for the benefit of the plaintiff," also for costs. Before the action was commenced the plaintiff made request of the defendant that he either cause the deed to be recorded or allow plaintiff possession of it for that purpose. This the defendant refused to do. The defendant, by his answer, alleged that the deed was not satisfactory to himself and some of the other grantees ; that he never accepted it from the grantors as a satisfactory deed, but only conditionally and for examination.

The purchase-money was $2,000, of this, $1,500 are shown to

have been paid, and it is probable that all was paid. The defendant gave evidence tending to support his answer; but the referee found that there was a full and legal delivery of the deed by the grantors and an acceptance thereof by the grantees. This acceptance the referee found from the fact of the long retention of the deed. What the defendant's objections to the deed were, does not appear.

Stating the case more favorably for the defendant than the referee has found it to be, the defendant has held for ten years without having it recorded, a deed of real estate in which the plaintiff and defendant and others are the grantees. The plaintiff is content with the deed and wishes to have it recorded, to the end that he may have the protection the record affords. The defendant, and possibly the other grantees, are not content with the deed and do not wish to have it recorded. No valid reason is shown why the plaintiff should not have the protection he seeks. The defendant may expose himself and the other grantees to whatever risks may result from withholding the deed from record, but he has no right to impose the like risks upon the plaintiff without his consent. The law accords to the plaintiff the right to have his muniments of title recorded, and does not accord to his co-tenant or co-grantee the privilege to withhold from him that right. One co-tenant may not compel the other to deliver to him the common grant of title (*Clowes* v. *Hawley*, 12 Johns., 484), but it is manifest one should not so use it as to deprive the other of any right under it.

The record in behalf of the plaintiff will not, unless they so elect, affect the other parties. The defendant objects that the plaintiff did not, at the time of the demand, tender to him the amount of the charges for recording or for any other expense. The defendant is not obliged to pay the fees for recording and it does not appear that any other expense will be incurred.

We conclude to affirm the judgment. We have some doubt whether costs ought to have been awarded in the court below, especially if the defense to so novel an action was interposed in good faith. We exercise our discretion by withholding costs of the appeal.

Judgment affirmed, without costs.

BOOKES, J., concurred.

LEARNED, P. J. (dissenting):

John O. Lyon and another contracted to sell three-fifths of a lot of land to Rooney, Smith and defendant. Defendant bought out Rooney's interest, and then sold a portion of his interest to McNab, Judson, Place, Heacock, Veghte, Wells and Wade. Afterwards, June 27, 1873, a deed was executed by Lyon and the other grantor, and soon after was handed to defendant. This deed was to plaintiff Smith (not the Smith of the contract), defendant McNab and the others above named. It purported to convey three-fifths of the lot, as follows:. Ten-fiftieths to Smith, one-fiftieth to defendant, nineteen-fiftieths to McNab and the others.

There is no proof of what took place at the time the deed was handed to defendant, except his own testimony. He says he received it for examination, took it to his counsel, who examined it and advised him not to accept it, as it was not a proper deed; that Heacock refused to accept it.

The referee finds that there was an acceptance, by reason of the fact that the defendant kept the deed for some twelve years without returning it. By the judgment entered on the referee's report the defendant was required to deliver the deed to the county clerk in order to have it recorded.

It seems to me that there is a very serious difficulty in this case. If recorded, the deed will show that defendant has only one-fiftieth, that McNab and the others have nineteen-fiftieths, and the plaintiff ten-fiftieths. Whether the deed states the true proportions or not, it will so appear on the record, and any *bona fide* purchaser from these respective parties will get the share stated in the deed or record as belonging to them.

The defendant says he did not accept the deed; that he was not satisfied with it. It may be found that it did not state his share properly. At any rate, he refused to accept it or to record it. What right has the plaintiff to compel the defendant, against his wishes, to put on record a deed which conveys all but one-fiftieth of the land to other parties, and thus deprives him (it may be) of the proportion which he claims? Again, McNab and the others have something to say. They are interested that there shall not be recorded a deed conveying to the plaintiff ten-fiftieths, when, for all that we know, McNab and the others may claim that plaintiff's share is less than ten-

fiftieths. We have no right to force on record a conveyance which they have not accepted and to which the evidence is that one (Heacock) objected.

There is nothing to show that this defendant was authorized to accept the deed for the other tenants in common. And there is nothing in the relation of tenants in common which gives one the right to decide upon, or to vary, the proportion belonging to another. And it seems to me clear that the recording of this deed will, as to all purchasers, affect the rights of the grantees. Certainly McNab and the others would not be able to sell more than nineteen-fiftieths, whatever their true rights might be. Besides, the deed contains an acknowledgment on the part of the parties of the second part of the validity of the title to the lands, which practically takes away the covenant of warranty. This may be according to the agreement, but it is unusual.

It is urged (and the referee's decision rests on this) that the defendant has kept the deed twelve years or thereabouts. It would seem that there has been an equal neglect on the plaintiff's part. There seems to have been a mistaken idea that another deed had been executed and recorded. Probably, too, the speculation was not a success. But the difficulty is that the plaintiff has no right to compel defendant to record a deed to which he objects. If the defendant were in possession of a deed conveying property to plaintiff solely, the case would be different. Or if all the grantees had accepted the deed, and the defendant were only the custodian. But we have no proof that McNab and the others have accepted; a positive proof that Heacock has not. If plaintiff is entitled to ten-fiftieths of this land, he can obtain a deed from Lyon and can record it himself.

I think the judgment should be reversed, referee discharged, new trial granted, costs to abide event.

Judgment affirmed, without costs.